1  STEPHANIE M. HINDS (CABN 154284)
United States Attorney

2

3  THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

4  CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

5

6      450 Golden Gate Ave., Box 36055
San Francisco, California 94102

7      Telephone: 415.436.7200
Fax: 415.436.7234

8      Email: chris.kaltsas2@usdoj.gov

9  Attorneys for the United States of America

10                      UNITED STATES OF AMERICA

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,              )  Case No. CR 20-0126 VC
                                           )
14          Plaintiff,                     )
                                           )  **APPLICATION OF THE UNITED STATES FOR**
15      v.                                 )  **PRELIMINARY ORDER OF FORFEITURE**
                                           )
16  RICHARD EUGENE HARTMAN,                )
                                           )
17                                         )
                                           )
18          Defendant.                     )

19          The United States of America, by and through the undersigned Assistant United States Attorney,

20  respectfully submits this Application of the United States for Issuance of a Preliminary Order of

21  Forfeiture.  The property subject to the proposed Preliminary Order of Forfeiture is property seized in

22  the investigation, as follows (hereinafter "the subject property"):

23      •  HP Desktop PC, serial number 8CG8454F6X;

24      •  Crucial 250 GB SSD, serial number 1510F003C119;

25      •  Seagate 1000 GB HDD, serial number S4Y22M0X;

26      •  PNY 128 GB USB Drive and

27      •  Lenovo Laptop PC, serial number YB07935834.

28

**Factual Background**

On March 11, 2020, defendant Richard Hartman was charged by an Indictment with violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) (Possession of Child Pornography). The Indictment sought criminal forfeiture, pursuant to Title 18, United States Code, Section 2253(a) and Title 28, United States Code, Section 2461(c) (Criminal Forfeiture) of the following property, including but not limited to:

- HP Desktop PC, serial number 8CG8454F6X;
- Crucial 250 GB SSD, serial number 1510F003C119;
- Seagate 1000 GB HDD, serial number S4Y22M0X;
- PNY 128 GB USB Drive and
- Lenovo Laptop PC, serial number YB07935834.

Dkt. 11.

On October 27, 2020, defendant Richard Hartman, pled guilty pursuant to a plea agreement to Count One of the Indictment, namely, possession of child pornography in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) Dkt. 30.

The defendant further admitted that the subject property was involved in the offense and thus, is forfeitable to the United States pursuant to Title 18, United States Code, Section 2253(a).

The defendant was sentenced on May 18, 2021 and Judgment was entered into the docket on May 26, 2021, and as part of the Judgment, the Court ordered the forfeiture of the subject property. Dkt. 48 at 10.

The accompanying proposed Preliminary Order of Forfeiture is requested to complete the forfeiture process.

**Basis for a Preliminary Order of Forfeiture**

Rule 32.2 of the Federal Rules of Criminal Procedure addresses criminal forfeiture procedure. Rule 32.2(b)(1)(A) provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has

1  established the requisite nexus between the property and the offense.  If the government seeks a personal

2  money judgment against the defendant, the court shall determine the amount of money that the

3  defendant will be ordered to pay.

4       Rule 32.2(b)(1)(B) provides that the court's determination may be based on evidence already in

5  the record, "including any written plea agreement[.]"  If the forfeiture is not agreed to but rather

6  contested, the court may determine the nexus of the specific property to the offense based on evidence or

7  information before the Court or presented by the parties at a hearing after the verdict or finding of guilt.

8       Rule 32.2(b)(2) states that if the court finds that property is subject to forfeiture, it shall enter a

9  preliminary order of forfeiture setting forth the amount of any money judgment or directing the

10  forfeiture of the specific property without regard to any third party's interest in all or part of it.  As to the

11  interest of third parties, the rule provides that, "Determining whether a third party has such an interest

12  must be deferred until any third party files a claim in the subsequent ancillary proceeding under Rule

13  32.2(c)."  The ancillary proceeding can be completed once the preliminary order of forfeiture becomes

14  final as to the defendant, upon the court announcing such at sentencing and including it in the judgment,

15  per Rule 32.2(b)(4).

16       Rule 32.2(b)(3) provides that the entry of a preliminary order of forfeiture authorizes the

17  Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any

18  discovery the court considers proper in identifying, locating, or disposing of the property; and to

19  commence proceedings that comply with any statute governing third-party rights.  The court may

20  include in the order of forfeiture any conditions reasonably necessary to preserve the property's value

21  pending any appeal.

22       Rule 32.2(b)(4) further provides that at sentencing, or at any time before sentencing if the

23  defendant consents, the order of forfeiture becomes final as to the defendant and shall be made part of

24  the sentence and must be included in the judgment.

25       The United States has established the sufficient requisite nexus between the subject property and

26  the offense.  The defendant pled guilty on October 27, 2020 to Count One of the Indictment, which

27  charged his possession of the subject property.  Dkt. 30.  Accordingly, the subject property is "involved

28  in" the violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) and is subject, as

1   alleged in the Indictment, to forfeiture to the United States pursuant to Title 18, United States Code,

2   Section 2253(a) and Title 28, United States Code, Section 2461(c).

3            **Procedure Following Issuance of Preliminary Order of Forfeiture**

4            Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States

5   Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or Maritime Claims

6   and Asset Forfeiture Actions, the United States will publish on www.forfeiture.gov, a government

7   website for at least thirty days, notice of this Order, notice of its intent to dispose of the property in such

8   manner as the Attorney General may direct, and notice that any person, other than the defendant, having

9   or claiming a legal interest in the property must file a petition with the Court and serve a copy on Chris

10  Kaltsas, Assistant United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, CA

11  94102, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever

12  is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the

13  petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury,

14  shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, and

15  any additional facts supporting the petitioner's claim and the relief sought. The United States may also,

16  to the extent practicable, provide direct written notice to any person known to have alleged an interest in

17  the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice

18  as to those persons so notified.

19           **Request for Preliminary Order of Forfeiture**

20           The United States therefore moves this Court to enter the accompanying proposed Preliminary

21  Order of Forfeiture which provides for the following:

22           a.   authorizes the forfeiture of the subject property to the United States;

23           b.   directs the United States, through its appropriate agency, to seize the forfeited property

24  forthwith;

25           c.   authorizes the government to conduct discovery in order to identify, locate, or dispose of

26  property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal

27  Procedure;

28

1        d.   directs the United States to publish on a government website for at least thirty days, notice of

2   this Order, notice of the government's intent to dispose of the property in such manner as the Attorney

3   General may direct and provide notice that any person, other than the defendant, having or claiming a

4   legal interest in the subject property must file a petition with the Court and serve a copy on government

5   counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever

6   is earlier; and

7        e.   the Court retains jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it

8   as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

9   Dated:  12/2/22                                                Respectfully submitted,

10
                                                                 STEPHANIE M. HINDS
11                                                               United States Attorney

12                                                                     /S/
                                                                 CHRIS KALTSAS
13                                                               Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that she caused a copy of the following documents:

- **APPLICATION FOR A PRELIMINARY ORDER OF FORFEITURE;**

- **[PROPOSED] PRELIMINARY ORDER OF FORFEITURE**

to be served this date by CM/ECF Electronic Case Filing Notification upon the person below at the place and address which is the last known address:

| | |
|---|---|
| Angela Hansen<br>Office of the Federal Public Defender<br>1301 Clay Street, Suite 1350N<br>Oakland, CA 94612<br>Attorney for Richard Hartman | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 2nd day of December, 2022, at San Francisco, California.


_____/S/_____
CAROLYN CAPARAS
FSA Paralegal
Asset Forfeiture Unit